IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON SHILTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-04-1756-C |
| ) | |
| NABORS DRILLING, INC. and ) | |
| NABORS DRILLING USA, LP, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 20). Plaintiff filed a Response and this matter is now at issue.

## I. BACKGROUND

Plaintiff was employed by Defendant[*] as a "motorman" on a drilling rig. On April 17, 2004, Plaintiff suffered an on-the-job injury. Plaintiff reported the injury to his supervisor who sent Plaintiff home for the day. Plaintiff also remained home the next day, a Sunday, and was taken to the doctor by the "safety coach" on Monday, the 19th. The doctor released Plaintiff to return to work in a light-duty status. Plaintiff returned to work on Tuesday, the 20th, and worked through Friday, the 23rd. On Saturday, the 24th, and

---

[*] It appears from the pleadings herein that Nabors Drilling, Inc., was properly known as Nabors Drilling USA, Inc., and that that entity changed its name to Nabors Drilling USA, L.P.. Plaintiff requested a summons directed to Nabors Drilling Inc., and later to Nabors Drilling USA, L.P.. No returns of service have been filed for either Defendant. Only Nabors Drilling USA, L.P. has filed an answer in this matter. That answer was on behalf of Nabors Drilling USA, L.P. f/k/a Nabors Drilling USA, Inc. For simplicity, the Court will use the term Defendant to represent the party filing the present motion.

Sunday, the 25th, Plaintiff was unable to work because of his back pain. Plaintiff was unable to reach his supervisor on Saturday, but spoke, on the telephone, with the safety coach, Mr. Stanich, who told Plaintiff he would "take care of it." Plaintiff called Mr. Stanich again on Sunday and later that day spoke with Mr. Largent who was the driller. Mr. Largent directed Plaintiff to attend a meeting the next day, Monday, the 26th. Plaintiff attended the meeting. At the end of the meeting, Plaintiff's supervisor, Mr. Stout, informed Plaintiff he had been terminated the day before for failing to show up for light duty. Ultimately it was determined that Plaintiff's injuries were such that he is physically unable to return to his employment with Defendant.

Relying on Plaintiff's physical inability to do his job, Defendant filed the present motion asserting the undisputed facts entitle it to judgment. Plaintiff does not dispute the facts tendered by Defendant regarding his inability to work, but argues his termination by Defendant occurred before that fact was established and is therefore in violation of 85 Okla. Stat. § 5.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Defendant argues it is undisputed that Plaintiff is physically unable to perform his job. Relying on that fact, Defendant points to 85 Okla. Stat. § 5(C) which states in pertinent part: "After an employee's period of temporary total disability has ended, no person, firm, partnership, corporation, or other entity shall be required to rehire or retain any employee who is determined to be physically unable to perform assigned duties." Defendant argues this portion of the statute absolves it from liability for terminating Plaintiff. Defendant's

argument is without merit. As noted above, when viewed in the light most favorable to Plaintiff, the facts do not establish that, at the time Plaintiff was terminated, there had been any determination of his inability to work. Defendant points to Plaintiff's statements related to obtaining Social Security benefits, but those statements were made in September of 2005, some seventeen months after Plaintiff was terminated. While Plaintiff's inability to work may provide some limitation on the damages to which Plaintiff may be entitled, it did not provide Defendant with a statutory basis to terminate Plaintiff in April of 2004. As this is the sole basis for Defendant's motion, the Court need not address the issues raised by Plaintiff in response.

## IV.  CONCLUSION

Although the facts tendered by Defendant are undisputed, those facts do not entitle Defendant to judgment on its claims. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 20) is DENIED.

IT IS SO ORDERED this 10th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge